IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   03-cv-00591-RPM-CBS

CODY DEON GLOVER,

                    Plaintiff,

v.

DANNY ORTIZ,
RICHARD MEIER,
KERRY MEIER,

                    Defendants.
_____

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
_____

        In this civil action, the plaintiff, Cody Leon Glover, seeks damages from the

defendants, employees of the Bureau of Prisons under *Bivens v. Six Unknown*

*Narcotics Agents,* 403 U.S. 388 (1971) claiming that they used excessive force against

him in violation of the Eighth Amendment's prohibition against cruel and unusual

punishment.  The case arises out of an incident which occurred at the United States

Penitentiary in Florence, Colorado, on April 1, 2002.  The defendants filed motions for

summary judgment of dismissal as to each of them.  They first contend that this action

is barred by the failure of the plaintiff to exhaust his administrative remedies as

required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

        That administrative procedure is established by BOP regulations at 28 C.F.R. §

542.10 *et seq.*  The defendants claim that Mr. Glover never filed a BP-9 request with

the warden concerning this incident.  The plaintiff contends that he did write complaints

to the warden on April 4, 2002, and April 11, 2002, which he says serve the same purpose as the official form.  Additionally, the plaintiff claims that the BOP did conduct an investigation and that he subsequently filed his required appeals.  The issue is somewhat confused because defendant Danny Ortiz filed disciplinary charges against Mr. Glover, resulting in his segregation and Mr. Glover did appeal from that disciplinary action.  Additionally, Mr. Glover's father wrote a complaint with respect to another matter involving the assignment of Mr. Glover to a cell mate with whom he had an altercation and the leak of information by another BOP employee regarding Mr. Glover.

Technically, the plaintiff did fail to comply with the BOP requirements and the case may be dismissed on that ground.  That question is not free from doubt, however, and, accordingly, the record has been reviewed to determine whether there is sufficient evidentiary support for the plaintiff's claims to proceed with trial and submit the matter to a jury.  Discovery has been completed in the case and the parties have filed excerpts from depositions of the plaintiff and the three defendants as well as other materials, including the plaintiff's affidavit.

Applying the standards under Fed. R. Civ. P. 56 that credibility issues should be resolved in favor of the plaintiff and the entire evidence viewed in the light most favorable to the plaintiff, this Court finds and concludes that there is an insufficient showing that the defendants' conduct violated the Eighth Amendment.  The following narrative is the best that can be said for the plaintiff's case on the basis of the papers submitted.

On April 1, 2002, the USP was in lock down and inmates' cells were searched.

The procedure followed was that Mr. Glover was taken from his cell and placed in the TV room while the search of his cell was conducted.  Defendant Ortiz then escorted Mr. Glover back to his cell.  While they were walking together, Mr. Glover stopped at another cell to obtain tobacco from the inmate in that cell and at that time Mr. Ortiz took the plaintiff's arm to move him along.  Mr. Glover objected.  When they neared the plaintiff's cell, Mr. Glover observed that his personal property, including a small blue radio, was on a concrete bench in front of the cell.  Mr. Glover was informed that the radio was to be confiscated because it had been altered.  He objected and requested that he be allowed to keep the radio because it was not altered.  The plaintiff's protestations were futile.  Mr. Ortiz tossed the radio into a laundry cart that was being used to carry the items being confiscated from the cells in the unit.

Mr. Glover started to step up on the concrete bench to retrieve the radio and he was then tackled and taken to the floor by several officers.  There were as many as 15 BOP personnel in the area at the time and it is not clear who among them took the plaintiff down.

Mr. Glover was on the floor, face down with his hands under his stomach.  His hands were brought around behind his back and his knees were bent up while handcuffs and leg irons were placed on him.  During that time, the plaintiff says that he was kneed multiple times on the right side of his head and thinks that Mr. Ortiz did that.  Mr. Glover turned his head to the left side and may have been kneed on the left side as well.  All three of the defendants were involved in restraining Mr. Glover but he is unable to say with certainty which of them struck him with a knee.

The physical activity was concluded in a matter of seconds and when the BOP personnel got him up, Mr. Glover saw a smear of blood on the floor and realized that he was bleeding.  The defendants took him to the medical unit, in restraints, carrying him part of the way and then using a wheelchair.  At the medical unit, the ear lobes of both the right and left ears on Mr. Glover were sutured to close bleeding wounds.  Mr. Glover was then returned to his cell.

While the plaintiff and his counsel characterize this incident as one in which the plaintiff was "brutally beaten" while in restraints, that is an exaggeration of what occurred according to the plaintiff's own testimony.  Physical force can be used legitimately to restrain a prison inmate.  The force used does not become so excessive as to constitute an Eighth Amendment violation unless the guards' conduct went beyond a good faith effort to restore discipline and amounted to wanton and unnecessary infliction of pain.  *Whitley v. Albers,* 475 U.S. 312 (1986) and subsequent cases.  There are both objective and subjective elements involved in the determination of whether a particular incident has resulted in a violation of the Eighth Amendment. *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003).

The objective element is established only if the conduct is objectively harmful enough to establish a constitutional violation.  As the Supreme Court observed in *Hudson v. McMillian,* 503 U.S. 1, (1992) the use of force must be considered in the context of the event.  The amount of force used and the subsequent injury to the inmate are relevant factors.  It is unclear whether the lacerations of the plaintiff's right and left ear lobes resulted from the kneeing of him to the side of the head or from some other

cause.  Assuming it resulted from the actions of one or more of the individual defendants, these lacerations are not such an injury as to suggest that excessive force was used.  The other factors relevant here are that the penitentiary was in lock down after rioting had occurred; the movement of Mr. Glover to recover the radio could reasonably be interpreted by the defendant Ortiz and the other BOP employees as an attempt to assault him; and the incident occurred suddenly.  The response was immediate and without an opportunity to pause and reflect.  The objective component of the test has not been shown.  Additionally, there is nothing in the record to suggest any animosity toward plaintiff by any of the defendants.  There has been no basis for finding the subjective element has been shown.

Even if it is assumed that an Eighth Amendment violation did occur, the defendants are entitled to the defense of qualified immunity because they could not reasonably have anticipated that their reaction in this situation would constitute a violation of the Eighth Amendment.

For these reasons, it is

ORDERED that the defendants' motions for summary judgment are granted and this civil action is dismissed, with judgment to enter for the defendants.

DATED: March 16th, 2006.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge